**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
     v.     )     No. 23-03063-01-CR-S-BCW
     )
KEVIN LONG,     )
     )
     Defendant.     )

## <u>ORDER</u>

Before the Court is Defendant's Motion to Sever Count 4.  (Doc. 174.)  Pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure and the Fifth, Sixth, and Eighth Amendments to the Constitution, Defendant moves for an order severing Count 4 of the Superseding Indictment from Counts 1-3.   The Government has filed a Response to the Motion, and Defendant has filed a Reply in Support.  (Docs. 190, 207.)  This action has been referred to the undersigned to hear and determine all pretrial motions, other than motions to dismiss and motions to suppress.  Upon review, the Motion to Sever Count 4 will be denied.

On August 26, 2025, a Superseding Indictment was returned charging Defendant in four counts.  (Doc. 84.)  Count 1 charges Defendant with the murder of Jane Doe in violation of 18 U.S.C. § 1111.  Count 2 charges Defendant with endangering the welfare of a child, Jane Doe, resulting in death in violation of 18 U.S.C. § 13 and Section 568.045 of the Revised Statutes of Missouri.  Count 3 charges Defendant with sexual exploitation of a child, Jane Doe, in violation of 18 U.S.C. § 2251(a) & (e).  Defendant moves to sever Count 4, which charges Defendant as follows:

> On or about November 22, 2019, said date being approximate, in Pulaski County and elsewhere, in the Western District of Missouri, the defendant, **KEVIN LONG**, did willfully and knowingly make a materially false, fictitious, and fraudulent

statement and representation about a matter within the jurisdiction of the executive branch of the Government of the United States, by stating during the investigation of Jane Doe's death, that he was unaware of United States Army regulations that restricted the operation of a daycare at Fort Leonard Wood. The statement and representation was false because, as **KEVIN LONG** then and there knew, United States Army regulations restricted the operation of daycares at Fort Leonard Wood.

*Id*. at 3.

Fed. R. Crim. P. 8(a) governs the joinder of offenses and permits the joinder of offenses that are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The rule should be "broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). Rule 12(b)(3)(D) allows a party to move for severance of charges under Rule 14, which provides for separate trials of counts if the joinder of offenses "appears to prejudice a defendant[.]" Such prejudice must be "severe," meaning "the defendant is deprived of an appreciable chance that he would have not been convicted in a separate trial, and not merely when he would have had a better chance for acquittal in a separate trial." *United States v. Blum*, 65 F.3d 1436, 1443 (8th Cir. 1995). The defendant carries the burden of proving prejudice due to joinder. *United States v. Garrett*, 648 F.3d 618, 626 (8th Cir. 2011). There is "a strong presumption against severing properly joined counts." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010).

Notably, at Defendant's arraignment on the original Indictment in July 2023, counsel for the Government stated the following in support of detention:

> [T]his defendant had previously in March of 2016 been investigated for a child abuse claim. At that time that was at Fort Hood in Texas and a fellow member of the military, who had used the defendant's wife as a babysitter, once again in an unlicensed in-home daycare, alleged that her 15-month-old child had bruising on the body as a result of being taken care of by the defendant. At that time, and as a result of the investigation, the defendant and his wife were advised they could not operate a daycare on a military base without proper certification, which they did

2

not have at the time, nor did they have at the time of Jane Doe's death. However, when interviewed in this instant case, the defendant told investigators that he and his wife were unaware of the United States Army's restrictions regarding the operation of the daycare on base, even though he had previously been advised of such regulations and stated that he understood them in that previous investigation in 2016.

(Doc. 27 at 6-7.)  According to Defendant, the investigation records of the alleged incident at Fort Hood show Army investigators found the allegation unsubstantiated.  (Doc. 174 at 2.)

Defendant claims that "to prove the false statement charge, he anticipates the government will attempt to introduce evidence of the Fort Hood allegations and investigation to establish that he knowingly made a false statement."  *Id*. at 4.  Per Defendant, this evidence "is irrelevant to Counts 1-3, and any arguable probative value as to Count 4 is substantially outweighed by the prejudice it will cause" him.  *Id*.  Thus, Defendant contends that "even if the Fort Hood information would be admissible at trial solely on Count 4, it would not be admissible at a trial on Counts 1-3, which supports [his] request for severance."  *Id*.

As stated by the Government, this is an admissibility issue, not a joinder issue.  (Doc. 190 at 7.)  Defendant claims the evidence of the Fort Hood allegations "should not be admitted at [his] trial [because i]t is unduly prejudicial and violates Fed. R. Evid. 403 and 404(b)."  (Doc. 174 at 4.)  Should the District Court agree with Defendant's argument, it could enforce the remedy of precluding the Government from introducing evidence about the specific basis for the Fort Hood investigation while still allowing the Government to present evidence that in March 2016, a Military Police Investigator advised Defendant that Army regulations prohibited an individual from providing childcare in family housing for more than 10 hours a week total without being properly certified and informed Defendant to let his chain of command know of the housing violation problem.  (Doc. 190 at 4.)  Under these circumstances, rather than imposing the extreme

3

remedy of severing properly joined counts and conducting two separate trials, the potential remedy of limiting evidence is preferable, as it promotes the efficient administration of justice.

Defendant further argues "the danger of unfair prejudice is overwhelming in multiple ways." (Doc. 174 at 6.) First, Defendant asserts that all four counts against him have "either no or weak circumstantial evidentiary support" which may cause jurors to "erroneously compile unrelated evidence rather than independently evaluate each count." *Id*. However, Defendant's opinion as to the strength of the evidence at this stage of the proceedings is irrelevant, as the Superseding Indictment was properly returned by a grand jury. As for his concern that the jurors will be unable to independently evaluate each count, the District Court will provide instructions for the jury at trial to guard against this. *See United States v. Whitfield*, 140 F.4th 978, 986 (8th Cir. 2025) (no error in denying a motion to sever where "district court's jury instructions contained separate independent verdict directors for each count and instructed the jury to '[k]eep in mind that each count charges a separate crime' and that they 'must consider each count separately and return a separate verdict for each count.'") Accordingly, the undersigned does not find the severe prejudice necessary for severance.

Second, according to Defendant, a joint trial of the four counts together would prejudice his Fifth Amendment right to testify or to not testify in his own defense. (Doc. 174 at 6.) He claims that he may decide that he need not testify as to Counts 1-3 to counter the charges that he killed or harmed Jane Doe, considering his prior statements that he found Jane Doe at the bottom of the stairs. *Id*. at 6-7. Regarding Count 4, however, he asserts that he may decide that he should testify in his defense. *Id*.

"[W]hile the courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively[.]" *United States v.*

4

*Alosa*, 14 F.3d 693, 695 (1st Cir. 1994) (*citing Brown v. United States*, 356 U.S. 148, 155-56 (1958)). A defendant arguing for severance on this basis must make a "persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts." *United States v. Possick*, 849 F.2d 332, 338 (8th Cir. 1988).

Here, Defendant has failed to make the "persuasive and detailed" showing necessary for severance. He offers no specifics about the testimony he would offer if Count 4 was severed, only stating "he was never questioned on his knowledge of United States Army regulations that restricted the operation of a daycare at Fort Leonard Wood." *See United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008) (A defendant's "general assertions" about the testimony he seeks to offer will not suffice; he must proffer "specific examples of the exculpatory testimony" that he would give but for the joinder of the counts). Nor does he state "unequivocally that he would in fact testify" in a separate trial of Count 4. *See Closs v. Leapley*, 18 F.3d 574, 579 (8th Cir. 1994).

Additionally, his argument appears contradictory. On the one hand, he suggests he might not testify as to Counts 1-3 because he "has consistently reported finding Jane Doe at the bottom of the stairs." (Doc. 174 at 7.) Defendant then claims he might testify as to Count 4 "because he was never questioned on his knowledge of United States Army regulations that restricted the operation of a daycare at Fort Leonard Wood." *Id*. However, in his Reply, Defendant offers excerpts from interviews in November 2019, wherein he allegedly voluntarily and without being questioned stated on two separate occasions that he was unaware of the Army's regulation. (Doc. 207 at 1-3.) Therefore, Defendant's asserted reason that he might decide not to testify as to Counts 1-3 could also apply to Count 4. Based on the foregoing, Defendant has not shown the severe prejudice required for severance.

Third, Defendant posits that the Government joined Count 4 with Counts 1-3 "to create a general ambience that [he] has previously abused a child who was being babysat in his home." (Doc. 174 at 7.)  He argues "there is profound prejudice that if the jury concludes [he] is guilty of one offense, it could conclude that his criminal disposition makes him more likely to have committed the other offenses."  However, as previously discussed, if the District Court agrees with this argument, then Defendant's concerns can be addressed via an order limiting the evidence presented by the Government.

In summary, Defendant has failed to show the severe prejudice necessary for severance, and as a result the Motion to Sever Count 4 is **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 19, 2026

6