# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:23-CR-03063-BCW-1 |
| | ) | |
| KEVIN LONG, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Magistrate Judge David P. Rush's Report and Recommendations (Doc. #230) concerning Defendant's Motion to Dismiss Count 2 for Statute of Limitations (Doc. #150).

On August 26, 2025, the grand jury issued a Superseding Indictment charging Defendant with Count 1, Murder in the First Degree under 18 U.S.C. § 1111; Count 2, Endangering the Welfare of a Child under 18 U.S.C. § 13 and Rev. Stat. Mo. § 568.045; Count 3, Sexual Exploitation of a Child under 18 U.S.C. § 2251(a) & (e); and Count 4, False Statement or Representation About a Matter within a Federal Agency's Jurisdiction under 18 U.S.C. § 1001(a)(2). (Doc. #84).

On November 21, 2025, Defendant filed a motion to dismiss Count 2 of the Superseding Indictment, the assimilated Missouri crime of endangering the welfare of a child causing death, based on the five-year statute of limitations in 18 U.S.C. § 3282. (Doc. #150). In response, the Government argues the ten-year statute of limitations in 18 U.S.C. § 3283 applies because Count 2 is an offense involving the physical abuse of a child. (Doc. #161).

On February 19, 2026, Judge Rush filed the instant Report and Recommendations, recommending the Court deny Defendant's motion without prejudice as premature. (Doc. #230). Judge Rush found that to determine whether the ten-year statute of limitations of § 3283 applies

1

to Count 2, the Court would have to make findings of fact before trial as to how the alleged offense was committed. As this would be improper, Judge Rush recommends the motion be denied.

On March 5, 2026, Defendant filed objections to the Report and Recommendations. (Doc. #234). Defendant argues "the recommendation fails to hold the government to its burden of establishing an exception to the limitations period; creates tension between [Defendant's] right to notice of the charges against him, particularly in order to knowingly choose between entering a plea or being forced to trial; fails to resolve non-factual elements of the statute of limitation analysis, specifically the definition of "physical abuse" in § 3283; and relies on cases that do not support its conclusion." Id. at 2.

Defendant's objections are overruled. Denying Defendant's motion without prejudice, does not relieve the Government of its burden. Also, the Eighth Circuit has acknowledged the "tension" that Defendant is concerned about and has nonetheless ruled that the proper course to follow when ruling on a pretrial motion that would require deciding disputed facts is to defer such ruling. United States v. Grubb, 135 F.4th 604, 606 (8th Cir. 2025). In that circumstance, when the Defendant has a premature challenge, a defendant must choose to enter a guilty plea and "forego appellate review" or proceed to trial. Id. at 606, 608–09.

Moreover, even if the Court adopted Defendant's definition of "physical abuse," because the Government has declined to disclose its theory for Count 2 (as it is permitted to do at this stage), it would still be impossible to determine whether that definition is satisfied without improperly making factual determinations. Therefore, resolving this non-factual element would not result in a different ruling. Finally, the Court disagrees with Defendant's argument that Judge Rush relied on cases that do not support his conclusion.

2

The Court, after an independent review of the record and the applicable law, adopts the Magistrate's Report and Recommendations. For the reasons stated in the Report and Recommendations, Defendant's motion to dismiss Count 2 is denied without prejudice as premature. Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendations (Doc. #230) be attached to and made part of this Order. It is further

ORDERED Defendant's Motion to Dismiss Count 2 for Statute of Limitations (Doc. #150) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.


Dated: <u>March 20, 2026</u>                    /s/ Brian C. Wimes
                                        BRIAN C. WIMES, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT